## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

TERRY BEYERS,

Plaintiff,

v.

USI INSURANCE SERVICES, LLC

Defendant,

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Terry Beyers ("Beyers" or "Plaintiff"), by and through undersigned counsel, files this Complaint against USI Insurance Services, LLC ("USI" or "Defendant") and states as follows:

### NATURE OF ACTION

Plaintiff brings this action for damages as a result of Defendant's discrimination against him on the basis of her disability and as a result of its retaliation against her in violation Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990). Plaintiff further brings this action as a result of Defendant's discrimination and retaliation against Plaintiff in Violation of the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401, et seq.,

### I. PARTIES

1.      Plaintiff Terry Beyers ("Beyers") is an individual citizen and resident of Colorado. All the events and transaction upon which this suit is based occurred in the State of Colorado.

2.      Defendant is a foreign limited liability company doing business in the state of Colorado. Defendant is a private Employer with multiple locations nationwide. At all relevant times, Defendant was an "employer" as defined by the ADA of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990)

3.      Jurisdiction is asserted pursuant to the ADA of 1990, Pub. L. No. 101-336, 104 Stat. 328 (1990). Defendant is a foreign employer as defined by C.R.S. § 24-34-401(3) with a principal office is located at 100 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

## ADMINISTRATIVE HISTORY

4.      Plaintiff has timely and properly exhausted her administrative remedies pursuant to C.R.S. § 24-34-306 by filing an initial Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 591-2020-01026, on or about April 25, 2019 based upon grounds of disability discrimination and retaliation.

5.      Plaintiff provided information to the EEOC alleging acts of discrimination against her, including being terminated for absences relating to a qualifying disability and requesting accommodations.

6.      This lawsuit is timely filed within ninety days after Plaintiff's electronic receipt of a Notice of Right to Sue from the EEOC dated September 24, 2020.

## FACTUAL ALLEGATIONS

7.      Ms. Beyers incorporates by reference her prior allegations.

8.      Ms. Beyers was hired by Defendant on or about February 20, 2018 as an Employee Benefits Ancillary Marketing Analyst.

9.      At all relevant times, Erin Scott was Ms. Beyers' Supervisor.

-2-

10.     Prior to her employment, Ms. Beyers was diagnosed with a qualifying disability under the ADA.

11.     Ms. Beyers informed Erin Scott ("Scott") and Scott Lilley ("Lilley"), Head of Employee Benefits Department, in or around August 2018 about her disability. She told them that she would need reasonable accommodations to attend her appointments and take leave as necessary when her symptoms flared.

12.     Following the disclosure of her disability, Ms. Beyers began to immediately be discriminated against by Ms. Scott.

13.     In or around August 2018, Ms. Beyers was suffering from symptoms due to her disability. Her disability causes severe stomach issues and gastrointestinal release. Ms. Beyer's and passed gas while in Ms. Scott's Office. Ms. Scott called Ms. Beyer's a "pig" and told her to "get the f*** out" of her office. Ms. Beyer's apologized and explained that the incident was due to her disability.

14.     Three days later, Ms. Beyers reported Ms. Scott's discriminatory behavior to Human Resources Liaison, Kara VanDyke, and to Human Resources Generalist, Rachel Zendig.

15.     Ms. Beyer went on a walk with Ms. VanDyke to complain about Ms. Scott's discrimination towards her. Ms. VanDyke told Ms. Beyers that Ms. Beyer would allegedly be required go to Amy Wildung before Ms. Beyers could file a complaint against Ms. Scott.

16.     During this same walk Ms. Beyers asked to be transferred to another department. Her request was denied.

17.     While Ms. Beyers and Ms. VanDyke were discussing Ms. Beyers complaints of discrimination about Ms. Scott, Ms. Scott was following Ms. Beyers and eavesdropping on her conversation with the HR representative.

18.     Ms. Beyers immediately told Ms. VanDyke that she was very concerned with retaliation because of Ms. Scott's unprofessional behavior.

19.     Ms. Beyers also reported the discrimination to Ms. Zendig who allegedly contacted Ms. Scott and Ms. Scott's Supervisor, Amy Wildung, Senior Vice President Regional Operations and Technical Resource Leader to discuss Ms. Beyer's complaint and confirm that they were aware of Ms. Beyer's disability.

20.     On or about September 10, 2018, Ms. Beyers informed Ms. Scott and Ms. Zendig that she was going to undergo surgery for her disability in the near future.

21.     On or about September 19, 2019, three days after Ms. Beyers complained to Ms. VanDyke (and Ms. Scott was caught eavesdropping), Ms. Beyers was disciplined (written up) by Ms.  Scott for the pretextual reason of poor performance. Ms. Beyer's was required to attend a meeting with Ms. Wildung and Ms. Scott regarding these allegations.

22.     After the meeting Ms. Wildung admitted to Ms. Beyers that Ms. Scott was wrong.

23.     After the write up Ms. Beyers once again formally asked HR to allow her to file a formal complaint of discrimination. Ms. Beyers was ignored.

24.     On or about October 1, 2018, Ms. Beyers was approved to take a leave of absence for her surgery from December 18, 2019 to January 18, 2019.

25.     Prior to December 18, 2019, Ms. Beyers sent a formal email insisting HR practically begging HR to help her. She even asked again to be moved to a different department.

-4-

Ms. Beyers was again ignored. Ms. Beyers told Ms. VanDyke that if she did not get a response soon she as going to go to the Equal Employment Opportunity Commission.

26.     Ms. Beyers went out on leave beginning December 18, 2018.

27.     Ms. Beyers returned to work on January 18, 2019 but had nothing to do. She sat at her desk for five days without being given any work although there was ample work available.

28.     On or about January 23, 2019, Ms. Beyers complained that she was not receiving proper training. She complained that she was excluded from meetings and had very little work to do.

29.     On or about January 31, 2019, Ms. Beyers made a complaint to Wildung that Erin Scott was purposefully altering her client documents and attempting to submit inaccurate work and passing it off as Ms. Beyers.

30.     Ms. Beyers was absent from work February 6 and 7, 2019, due to her disability. She provided Defendant with doctor's notes.

31.     On or about February 6, 2019, Ms. Beyers was written up for absences that were directly related to her disability.

32.     On or about February 8, 2019, Ms. Beyers told Erin Scott that Ms. Scott was creating a hostile environment. Ms. Scott did not report Ms. Beyers complaint to Human Resources. This is in direct violation of Defendant's Employee Handbook.

33.     Ms. Beyers was absent from work from February 11 through February 14, 2019 due to her disability and the hostile work environment created by Erin Scott.

34.     Ms. Beyers was informed on February 14, 2019 that she was terminated on February 11, 2019. However, at the same time, Ms. Beyers was given a deadline of February 19, 2019 to submit her disability paperwork.

35.     Ms. Beyers was terminated the day she became eligible for FMLA.

## FIRST CLAIM FOR RELIEF
### (Disability Discrimination – ADA/ADAAA)

36.     The preceding allegations are incorporated by reference as it fully stated herein.

37.     Defendant is an employer as that term is defined under the Americans with Disabilities Act, Pub. L. No. 101-336, 104 Stat. 328 (1990).

38.     Plaintiff has a qualifying disability under the ADA.

39.     Defendant willfully and intentionally subjected Plaintiff to a disability discrimination.

40.     Defendant knew its action violated the ADA or it was recklessly indifferent in that regard.

41.     Plaintiff was discharged from her position because she had a disability.

42.     As a direct and proximate result of the foregoing actions and conduct of Defendant, Plaintiff has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, earnings, diminution of future earnings capacity, non-economic damages such as, but not limited to, mental anguish, inconvenience, attorney's fees, costs and expenses, and other damages to be determine at trial. Plaintiff claims compensatory damages for these losses and injuries.

## SECOND CLAIM FOR RELIEF
### Discrimination in Violation of the Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(a))

43.     The preceding allegations are incorporated by reference as it fully stated herein.

44.     Defendant is an employer as defined by C.R.S. § 24-34-401(3).

45.     Ms. Beyers is a member of a protected class of individuals based on disability. Ms. Beyers was an employee as defined by C.R.S. § 24-34-401(2) and at all times was qualified to perform the functions of her position.

46.     Defendant knew its actions violated CADA or was recklessly indifferent in that regard.

47.     As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Beyers has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Beyers also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Beyers claims damages for these losses and injuries under C.R.S. § 24-34-405.

### THIRD CLAIM FROM RELIEF
### (Retaliation-ADA § 12203)

48.     The preceding allegations are incorporated by reference as it fully stated herein.

49.     Defendant's conduct in subjecting Plaintiff to the above-described adverse employment actions are in violation of the ADA § 12112.

50.     The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by the ADA and/or ADAAA.

51.     The statutory violations were intentional.

52.     These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's federally protected rights.

53.     As a result of the actions of Defendant, Plaintiff suffered damages.

### FOURTH CLAIM FOR RELIEF
### Retaliation in Violation of the Colorado Anti-Discrimination Act
### (C.R.S. § 24-34-402(1)(e)(IV))

54.     The preceding allegations are incorporated by reference as it fully stated herein.

55.     Ms. Beyers engaged in protected activities by requesting reasonable accommodations for her disability.

56.     Defendant's conduct in subjecting Ms. Beyers to the adverse employment actions and being terminated is in violation of C.R.S. § 24-34-402(1)(e)(IV).

57.     The effect of these statutory violations was to deprive Ms. Beyers of rights and privileges enjoyed by persons who have not engaged in activities protected by CADA.

58.     These statutory violations were intentional.

59.     These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Ms. Beyers statutorily protected rights.

60.     As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Beyers has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Ms. Beyers also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Beyers claims damages for these losses and injuries under C.R.S. § 24-34-405.

## PLAINTIFF REQUESTS TRIAL BY JURY

DATED this 16th day of December, 2020.

Respectfully submitted,

*/s/ Sara A. Green*
Sara A. Green, Esq.
BACHUS & SCHANKER, LLC
101 W. Colfax Ave., Suite 650,
Denver, Colorado 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
Sara.green@coloradolaw.net